UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL McGORE,

    Plaintiff,

v.

KAVANAUGH et al.,

    Defendants.

Case No. 24-12602
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF COSTS [2] AND DISMISSING COMPLAINT [1]**

Darryl McGore, who is currently serving a life sentence at the Macomb Correctional Facility in Lenox Township, Michigan, filed this *pro se* civil rights action under 42 U.S.C. § 1983 against various United States Supreme Court Justices, United States Congresspersons, "Michigan Justices," and "Michigan Supreme Court Justices." (ECF No. 1.) He asserts he has "newly discovered evidence" that a police officer "admitted he lied on the witness stand and said McGore did not have the gun, yet the federal district court fails to conduct an evidentiary hearing to reverse McGore's conviction on perjury and vacate the gun charges." (*Id.* at PageID.3.) McGore alleges, among other things, due process violations, fraud, and malicious prosecution. Along with his complaint, McGore filed a motion to proceed without prepayment of the filing fee and costs. (ECF No. 2.)

A review of McGore's litigation history shows that he is a three-striker under 28 U.S.C. § 1915(g). Because he fails to demonstrate he is in imminent danger of

serious physical injury, the exception to the three-strikes rule does not apply. The Court therefore denies McGore's *in forma pauperis* application and dismisses his complaint.

## I.

The Court may authorize commencement of an action without prepayment of the filing fee and costs if a plaintiff demonstrates he cannot pay such fees, 28 U.S.C. § 1915(a)(1), subject to the Prison Litigation Reform Act's three-strikes rule, *see id.* § 1915(g). That is, if an incarcerated plaintiff has already had three or more complaints dismissed by a federal court for being frivolous or malicious or for failing to state a claim, the PLRA bars him from proceeding without prepayment of fees unless he plausibly alleges that he "is under imminent danger of serious physical injury." *Id.*; *see Gresham v. Meden*, 938 F.3d 847, 849 (6th Cir. 2019) ("To be eligible for the exception [to the three-strikes rule], the prisoner must plausibly allege such a danger."); *see also Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) ("In order to allege sufficiently imminent danger, we have held that 'the threat . . . must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed.'" (quoting *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008))).

In turn, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)." *Sorezo v. Harris*, No. 23-12098, 2023 U.S. Dist. LEXIS 149218, at *2 (E.D. Mich. Aug. 24, 2023) (quoting *Dupree v.*

*Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)); *see also Preston v. Les Parish*, No. 20-11671, 2020 U.S. Dist. LEXIS 157194, at *2–3 (E.D. Mich. Aug. 31, 2020) ("[A] district court can invoke § 1915(g) to dismiss a prisoner lawsuit even if the three strikes rule has not been raised by the defendant in the pleadings." (quoting *Harris v. City of New York*, 607 F.3d 18, 23 (2d Cir. 2010))). A federal court is permitted to take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g). *See Anderson v. Sundquist*, 1 F. Supp. 2d 828, 830 (W.D. Tenn. 1998) (citing *Green v. Nottingham*, 90 F. 3d 415, 418 (10th Cir. 1996)); *cf. Taylor v. United States*, 161 F. App'x 483, 485–86 (6th Cir. 2005).

The three-strikes rule clearly applies to McGore, who has had more than three civil rights cases dismissed as frivolous or malicious or for failing to state a claim. *See McGore v. Hunter*, No. 96-74327 (E.D. Mich. Feb. 10, 1997), ECF No. 5; *McGore v. Wrigglesworth*, No. 96-197, 1997 U.S. Dist. LEXIS 24878 (W.D. Mich. Jan. 8, 1997), *aff'd*, 114 F.3d 601 (6th Cir. 1997); *McGore v. Jones*, No. 96-74614 (E.D. Mich. Nov. 8, 1996), ECF No. 5; *McGore v. Hunter*, No. 96-74326 (E.D. Mich. Oct. 15, 1996), ECF No. 5; *McGore v. Mich. Sup. Ct. Judges*, No. 94-517, 1995 U.S. Dist. LEXIS 22242 (W.D. Mich. Jan. 25, 1995); *McGore v. Nardi*, No. 93-137, 1993 U.S. Dist. LEXIS 21363 (W.D. Mich. Aug. 2, 1993); *McGore v. Stine*, No. 93-112, 1993 U.S. Dist. LEXIS 21388 (W.D. Mich. July 26, 1993); *McGore v. Stine*, No. 93-77, 1993 U.S. Dist. LEXIS 21362 (W.D. Mich. Apr. 30, 1993); *see also McGore v. Deltour*, No. 11-1206, 2011 U.S. Dist. LEXIS 139869, at *3–4 (W.D. Mich. Dec. 6, 2011) (stating that McGore had filed "more than twenty-five civil actions" in the Western District of Michigan as of 2011).

Although many of these dismissals occurred before the enactment of the PLRA in April 1996, they nonetheless count as strikes under the statute. *See Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998); *see also McGore v. Gundy*, No. 00-155, 2000 U.S. Dist. LEXIS 19675, at *4 (W.D. Mich. Mar. 14, 2000) (concluding that McGore's pre-PLRA dismissals "count as strikes" (citing *Wilson*, 148 F.3d at 603–04)).

McGore has in turn had many cases dismissed under § 1915(g), so he is on notice that he is a three-striker. *See McGore v. Hood*, No. 24-10999 (E.D. Mich. Aug. 12, 2024), ECF No. 7; *McGore v. U.S. Dist. Ct. Judges*, No. 24-10890, 2024 U.S. Dist. LEXIS 78759 (E.D. Mich. Apr. 30, 2024); *McGore v. Roberts*, No. 19-13647, 2019 U.S. Dist. LEXIS 219813 (E.D. Mich. Dec. 23, 2019); *McGore v. Snyder*, No. 17-13010 (E.D. Mich. Dec. 20, 2017), ECF No. 7; *McGore v. Hazel Park Police*, 17-13320, 2017 U.S. Dist. LEXIS 189608 (E.D. Mich. Nov. 16, 2017); *McGore v. Trinity Food Grp.*, No. 17-13135, 2017 U.S. Dist. LEXIS 160595 (E.D. Mich. Sept. 29, 2017); McGore v. Doe, No. 17-11153 (E.D. Mich. May 19, 2017), ECF No. 5; *McGore v. Store Manager*, No. 15-10094 (E.D. Mich. Feb. 27, 2015), ECF No. 4; *McGore v. U.S. Sup. Ct.*, No. 14-14716, 2015 U.S. Dist. LEXIS 1805 (E.D. Mich. Jan. 8, 2015); *McGore v. Sherk*, No. 11-12969 (E.D. Mich. July 25, 2011), ECF No. 4; *McGore v. Detroit Police Officers*, No. 11-12994, 2011 U.S. Dist. LEXIS 78241 (E.D. Mich. July 19, 2011); *McGore v. Gooch*, No. 11-340 (W.D. Mich. June 9, 2011), ECF No. 11; *McGore v. Shenk*, No. 11-12133, 2011 U.S. Dist. LEXIS 61439 (E.D. Mich. June 8, 2011); *McGore v. Mut. Ins. Agent*, No. 10-14331, 2010 U.S. Dist. LEXIS 121591 (E.D. Mich. Nov. 17, 2010); *McGore v. Bigger*, No. 10-103, 2010 U.S. Dist. LEXIS 143282 (W.D. Mich. Aug. 10, 2010); *McGore v.*

*Crompton*, No. 10-355, 2010 U.S. Dist. LEXIS 57601 (W.D. Mich. June 10, 2010); *McGore v. Newhall*, No. 10-10927, 2010 U.S. Dist. LEXIS 56043 (E.D. Mich. June 4, 2010); *McGore v. Curtin*, No. 10-257, 2010 U.S. Dist. LEXIS 60292 (W.D. Mich. May 19, 2010); *McGore v. Lutz*, No. 09-13573, 2009 U.S. Dist. LEXIS 93585 (E.D. Mich. Oct. 7, 2009); *McGore v. Ludwick*, No. 09-12487 (E.D. Mich. Aug. 25, 2009), ECF No. 6; *McGore v. Lutz*, No. 09-13031, 2009 U.S. Dist. LEXIS 70000 (E.D. Mich. Aug. 11, 2009), *reconsideration denied*, 2009 U.S. Dist. LEXIS 82794 (E.D. Mich. Sept. 11, 2009); *McGore v. Gundy*, No. 98-367, 1999 U.S. Dist. LEXIS 22427 (W.D. Mich. Jan. 5, 1999); *McGore v. Hudson*, No. 98-10080, 1998 U.S. Dist. LEXIS 24260 (E.D. Mich. June 2, 1998).

He has also been denied leave to proceed *in forma pauperis* many times for having three strikes against him, and his underlying complaints were often later dismissed. *See McGore v. U.S. Sup. Ct. Justs.*, No. 19-244, 2019 U.S. Dist. LEXIS 214825 (W.D. Mich. Dec. 13, 2019); *McGore v. Mich. State Police*, No. 19-228, 2019 U.S. Dist. LEXIS 208742 (W.D. Mich. Dec. 4, 2019); *McGore v. Lesatz*, No. 19-51, 2019 U.S. Dist. LEXIS 38336 (W.D. Mich. Mar. 11, 2019); *McGore v. Lesatz*, No. 19-8, 2019 U.S. Dist. LEXIS 6943 (W.D. Mich. Jan. 15, 2019); *McGore v. Schuette*, No. 18-103, 2018 U.S. Dist. LEXIS 187633 (W.D. Mich. Nov. 2, 2018); *McGore v. Briske*, No. 18-00447 (W.D. Mich. May 11, 2018), ECF Nos. 4, 5; *McGore v. Kreeger*, No. 18-00320 (W.D. Mich. Apr. 5, 2018), ECF Nos. 5, 6; *McGore v. Unknown Parties*, No. 18-00236 (W.D. Mich. Mar. 16, 2018), ECF Nos. 5, 6; *McGore v. Unknown Parties*, No. 18-00092 (W.D. Mich. Feb. 12, 2018), ECF Nos. 5, 6; *McGore v. Robinson*, No. 17-01057 (W.D.

Mich. Dec. 18, 2017), ECF Nos. 3, 4; *McGore v. Mich. Parole Bd.*, No. 14-01158 (W.D. Mich. Dec. 1, 2014), ECF Nos. 4, 5; *McGore v. Unknown Parties*, No. 14-00980 (W.D. Mich. Oct. 9, 2014), ECF Nos. 2, 3; *McGore v. Mich. Parole Bd.*, No. 12-461, 2013 U.S. Dist. LEXIS 662 (W.D. Mich. Jan. 3, 2013); *McGore v. Halfway*, No. 12-01273 (W.D. Mich. Nov. 30, 2012), ECF Nos. 6, 7; *McGore v. Unknown Parties*, No. 12-00422 (W.D. Mich. Nov. 30, 2012), ECF Nos. 3, 4; *McGore v. Zaki*, No. 12-00356 (W.D. Mich. Oct. 16, 2012), ECF Nos. 14, 15; *McGore v. Hofbauer*, No. 12-00325 (W.D. Mich. Sept. 28, 2012), ECF Nos. 12, 13; *McGore v. Iona Cnty. Water Comm'n*, No. 12-00904 (W.D. Mich. Sept. 18, 2012), ECF No. 5; *McGore v. Unknown Parties*, No. 12-00332 (W.D. Mich. Sept. 13, 2012), ECF Nos. 6, 7; *McGore v. Swayne*, No. 12-00308 (W.D. Mich. Aug. 30, 2012), ECF Nos. 3, 4; *McGore v. Novak*, No. 12-00869 (W.D. Mich. Aug. 29, 2012), ECF No. 4; *McGore v. Leech*, No. 12-296, 2012 U.S. Dist. LEXIS 113957 (W.D. Mich. Aug. 14, 2012); *McGore v. Unknown Parties*, No. 12-00125 (W.D. Mich. Mar. 6, 2012), ECF No. 5; *McGore v. Deltour*, No. 11-1206, 2011 U.S. Dist. LEXIS 139869 (W.D. Mich. Dec. 6, 2011); *McGore v. Krajenik*, No. 11-00264 (W.D. Mich. June 16, 2011), ECF No. 71; *McGore v. Curtin*, No. 11-00513 (W.D. Mich. June 6, 2011), ECF No. 8; *McGore v. Brioke*, No. 11-395, 2011 U.S. Dist. LEXIS 49048 (W.D. Mich. May 6, 2011); *McGore v. Briske*, No. 10-00959 (W.D. Mich. Oct. 5, 2010), ECF Nos. 9, 10; *McGore v. Briske*, No. 10-919, 2010 U.S. Dist. LEXIS 101663 (W.D. Mich. Sept. 27, 2010); *McGore v. Briske*, No. 10-920, 2010 U.S. Dist. LEXIS 101679 (W.D. Mich. Sept. 27, 2010); *McGore v. Servinski*, No. 10-682, 2010 U.S. Dist. LEXIS 79673 (W.D. Mich. Aug. 6, 2010); *McGore v. Bigger*, No. 10-103, 2010 U.S. Dist. LEXIS 5995 (W.D. Mich.

June 16, 2010); *McGore v. Oliver*, No. 10-00555 (W.D. Mich. June 16, 2010), ECF Nos. 7, 8; *McGore v. Crompton*, No. 10-355, 2010 U.S. Dist. LEXIS 41530 (W.D. Mich. Apr. 28, 2010); *McGore v. Curtin*, No. 10-257, 2010 U.S. Dist. LEXIS 30124 (W.D. Mich. Mar. 29, 2010); *McGore v. Mich. Parole Bd.*, No. 09-922, 2009 U.S. Dist. LEXIS 99907 (W.D. Mich. Oct. 23, 2009); *McGore v. Curtin*, No. 09-820, 2009 U.S. Dist. LEXIS 86270 (W.D. Mich. Sept. 21, 2009); *McGore v. Birkett*, No. 09-13109 (E.D. Mich. Aug. 21, 2009), ECF No. 4; *McGore v. Lutz*, No. 09-00715 (W.D. Mich. Aug. 14, 2009), ECF No. 4; *McGore v. Rich*, No. 09-395, 2009 U.S. Dist. LEXIS 40309 (W.D. Mich. May 12, 2009); *McGore v. Bell*, No. 04-00583 (W.D. Mich. Oct. 15, 2004), ECF No. 13; *McGore v. Bell*, No. 04-00530 (W.D. Mich. Aug. 25, 2004), ECF No. 16; *McGore v. McKee*, No. 04-421, 2004 U.S. Dist. LEXIS 32329 (W.D. Mich. June 29, 2004); *McGore v. Gundy*, No. 00-00486 (W.D. Mich. July 19, 2000), ECF No. 3; *McGore v. Gundy*, No. 00-00155, 2000 U.S. Dist. LEXIS 19675 (W.D. Mich. Mar. 15, 2000); *McGore v. Gundy*, No. 98-367, 1998 U.S. Dist. LEXIS 23112 (W.D. Mich. Nov. 12, 1998); *McGore v. Dep't of Corr.*, No. 97-202, 1997 U.S. Dist. LEXIS 23976 (W.D. Mich. Apr. 4, 1997).

So McGore cannot proceed without prepaying fees and costs unless he satisfies the imminent danger exception to the three-strikes rule. He fails to do so. McGore neither contends he is in imminent danger nor alleges any plausible facts suggesting he is. He argues that his criminal conviction should be set aside because of new evidence and issues with his prosecution and trial, but claims of wrongful conviction or incarceration do not constitute imminent danger under § 1915(g). *See, e.g.*, *Staffney v. Cole*, No. 22-12820, 2023 WL 113037, at *2 (E.D. Mich. Jan. 5, 2023) ("Although

plaintiff alleges that he has wrongfully convicted, plaintiff's claim that he is unlawfully imprisoned does not satisfy the imminent danger exception of the three-strikes rule." (citation omitted)); *LeBlanc v. Kalamazoo Police Dep't*, No. 17-999, 2017 WL 6379659, at *2 (W.D. Mich. Dec. 14, 2017) ("Plaintiff alleges constitutional violations committed by Defendants in connection with criminal prosecutions in 2008 and 2012. Although he contends the resulting harm—unlawful imprisonment—continues to this day, he does not claim any danger of serious physical injury."). Similarly, "Plaintiff's challenges to the processes that lead to his criminal conviction 'do not raise the danger of physical harm' so as to come within the imminent danger exception for § 1915(g)." *Staffney*, 2023 WL 113037, at *2 (quoting *Childress v. Quisenberry*, No. 11-12096, 2011 WL 5166433, at *2 (E.D. Mich. Oct. 31, 2011)); *see also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (explaining that under § 1915(g) the imminent danger must exist at the time the complaint is filed).

So the Court concludes, as it has many times before, that McGore has three strikes against him under the PLRA's three-strikes provision and fails to satisfy the imminent danger exception. *See* 28 U.S.C. § 1915(g). The Court thus denies McGore's motion to proceed without prepayment of fees or costs and dismisses his complaint.

The Court also concludes, pursuant to § 1915(a)(3), that it has properly applied the three-strikes provision of § 1915(g) such that an appeal from this order cannot be taken in good faith. McGore is therefore barred from appealing this decision *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3).

## II.

Accordingly, the Court DENIES McGore's motion to proceed *in forma pauperis* (ECF No. 2) and DISMISSES McGore's complaint (ECF No. 1). IT IS FURTHER ORDERED AND CERTIFIED that an appeal of this decision would not be taken in good faith.

SO ORDERED.

Dated: November 12, 2024

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE